PRELIMINARY STATEMENT

This memorandum of law is submitted in opposition to defendants Newark Police Department and the defendant Newark police officers.  Plaintiff voluntarily dismisses his complaint against Former Director Sheilah Coley.  Plaintiff further voluntarily dismisses his claim for punitive damages as against the Newark Police Department.  Plaintiff further voluntarily dismisses all claims arising under 42 U.S.C. §1986.

STATEMENT OF FACTS

By way of an Complaint (attached hereto as Exhibit A), plaintiff alleges that the Newark Police Department is liable for the actions of its officer Detective Luis Rivera in his use of excessive force against plaintiff in violation of 42 U.S.C. §1983.  In paragraph 17 of his complaint, plaintiff alleges that he "has complied with all conditions precedent to the filing of this lawsuit; all applicable notices have been provided to Defendants."  (Exhibit A).

In paragraph 29, plaintiff alleges he "was thrown to the pavement and held down by one of the defendant officers, believed to be defendant Rivera.  As defendant Rivera held plaintiff on the ground, and while plaintiff was completely unable to move, defendant Palach began using excessive force by punching the Plaintiff in the head and face with a closed fist."  (Exhibit A).  In paragraph 30, plaintiff alleges that "Defendant

Palach punched Plaintiff in the head and face an estimated ten-to-twenty times while the other defendant officers observed and did nothing" to intervene and prevent the assault after defendant had already been subdued.  In paragraphs 28 and 30, plaintiff alleges that Detectives Armand and Marcelli were on the scene when the assault occurred.

After a bench trial in connection with the incident that forms the basis of plaintiffs complaint, defendant was found guilty of Resisting Arrest in violation of 2C:29-2(a) and Hindering in violation of 2C:29-3(b).  (Trial transcript attached hereto as Exhibit B, at 9:10-18, 10:11-25 and 11:1-5).  Plaintiff was acquitted of Simple Assault.  (Exhibit B, at 10:1-10).  With respect to plaintiff's resisting arrest conviction, the trial Court determined that:

> [b]ased upon the observations and the obviousness of the video that in fact he knew the officer was a law enforcement officer effecting the arrest and clearly by his holding onto the wheel and requiring two other officers to come pry his fingers off the wheel, he was clearly purposely preventing or attempting to prevent an arrest, or preventing him from being removed from vehicle.  I find him guilty of resisting arrest. . . .

(Exhibit B, at 9:10-18).

Regarding the Simple Assault charge, the trial Court ruled that:

> [in] this particular case the gentleman is extracted from the vehicle and apparently is kicking and so forth.  I

2

don't find the defendant guilty of either purposely or
knowingly.  The issue here is whether the acts of the
defendant rise to the level of recklessly caused bodily
injury to another.  Although there's been testimony about
him flailing about and so forth, there's an issue as to
whether he struck the officer in the face, part of the
fingers being pried from the wheel or whatever.  I don't
think it rises to the level of recklessly.  I don't find
the defendant guilty of Count 2, simple assault.

(Exhibit B, at 9:23-25, 10:1-10).

With respect to the Hindering charge, the trial Court ruled

as follows:

[a]s to three, which is hindering one's process,
apprehension or prosecution, under 2C:29-3(b), there are
three elements under the jury charge:  One, the defendant
knew that he could or might be charged with an offense. .
.the second element involves various variations under the
statute that he was either going to be detained,
apprehended, investigated, prosecuted, convicted or
punished for a violation of Title 39, which is the motor
vehicle statutes, which I think in this case would clearly
be based upon the motor vehicle issues involving the stop
sign and excessive speed, which I think is element two; and
three, the defendant acted with purpose to hinder his own
detention, investigation, prosecution, conviction or
punishment.  I don't think he particularly disputed that
the gentlemen clung on to the steer wheel.  In fact,
according to the State's version, he had to have his
fingers pried off the wheel at that time.  I'm going to
find him guilty of hindering as well.

(Exhibit B, at 10:11-25, 11:1-8).

By letter electronically filed to the Court dated May 23,

2016, counsel for City of Newark acknowledged receipt of

plaintiff's complaint which was originally filed on or around

February 11, 2016.  (City of Newark letter attached hereto as

Exhibit C).  Counsel for the City of Newarks admits that it received plaintiff's complaint from the Newark Police Department.

Plaintiff alleges in paragraphs 39, 40, 43, 44, 45, 46, 48, 49, 70, 71, 72, of his complaint that the Newark Police Department systematically engaged in a practice and pattern of allowing its officers to utilize excessive force against private citizens and failing to properly discipline its officers for engaging in such excessive conduct.  (Exhibit A).  Specifically, in paragraph 72, plaintiff alleges that the Newark Police Department are liable "both under the doctrine of *respondeat superior* and because it permitted conditions to exist which facilitated and/or permitted such conduct to occur."  (Exhibit A).

<u>LEGAL ARGUMENT</u>

<u>POINT I</u>

<u>STANDARD OF REVIEW</u>

In dismissing a plaintiffs claim under Rule 12(b)(6), the Court "must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Watson v. Abington Twp</u>., 478 F.3d 144, 150 (3rd Cir. 2007), quoting <u>Nami v. Fauver</u>, 82 f.3d 63, 65 (3d Cir. 1996). "At this stage of the proceedings, '[t]he complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of plaintiff's cause of action."

<u>POINT II</u>

PLAINTIFF SHOULD BE ALLOWED TO SUBSTITUTE
THE CITY OF NEWARK FOR THE NEWARK POLICE
<u>DEPARTMENT AS A NAMED DEFENDANT</u>.

By way of his present opposition brief, plaintiff moves to substitute the defendant City of Newark for the Newark Police Department.

Pursuant to the Rules of Federal Procedure 15(c)(1)(C), provides in part:

> An amendment to a pleading relates back to the date of the original pleading when. . .the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

> Rule 15(c)(1)(B) provides in part that [a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . .that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading . . . .

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. . . .

Here, plaintiff in its original pleading improperly named

the Newark Police Department as a defendant.  The Newark Police Department is a subdivision of the City of Newark as conceded by defendants.  See defendant's brief at p. 10.  In his letter to the Court, counsel for the City of Newark requested an extension of time to file a responsive pleading on behalf of the Newark Police Department and the remaining defendant Newark officers.

The City of Newark received notice of the action within the time prescribed by Fed. R. of Civ. Pro. 4(m) as evidenced by the May 23rd letter from counsel for the City of Newark acknowledging receipt and requesting an extension of time to respond. Furthermore, the causes of action that were raised against the Newark Police Department in the original complaint are the exact same causes of action that plaintiff seeks to allege against the City of Newark in an Amended Complaint.  Moreover, the City of Newark as the governing body over and in control of the Newark Police Department, is fully aware that had plaintiff not mistakenly identified the Newark Police Department, he would have named the City as a defendant in his original cause of action.

As such, plaintiff respectfully cross-moves to amend his complaint to substitute the City of Newark for the Newark Police Department and further moves that said amendment be deemed to related back to the filing of plaintiff's original complaint.

7

## POINT III

### PLAINTIFF'S COMPLAINT HAS SUFFICIENLTY ALLEGED LIABILITY ON THE PART OF THE MOVING DEFENDANTS.

Plaintiff's complaint has sufficiently alleged liability on the part of the moving defendants.

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. . . . A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id.

A determination "whether a complaint states a plausible claim for relief will. . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. citing, Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a
> motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions,
> are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they
> must be supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they plausibly
> give rise to an entitlement to relief.

Id.

## A. **Newark Police Officers**

Here, plaintiff has alleged specific facts indicating that the defendants Detective Luis Rivera, Detective Antonio Armand, and Detective Marcelli exercised or acquiesced in the use of excessive force against him in violation of 42 U.S.C §1983.

As defendants point out, in order to properly plead a civil rights violation under 42 U.S.C. §1983, plaintiff must allege defendant's personal involvement in the claimed misconduct.  See defendant's brief at p. 24, citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d. Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual

knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." <u>Id</u>.

When viewed in a light most favorable to plaintiff, he has sufficiently alleged in his complaint that Detective Rivera held him on the ground after he was subdued and completely unable to move while another defendant officer punched him about his face and head with a closed fist approximately ten to twenty times. Plaintiff further alleged that Detectives Armand and Marcelli, among other officers on the scene, observed the assault and did nothing to intervene. Because plaintiff has sufficiently alleged that Detective Rivera participated in the use of excessive force and that Detectives Armand and Marcelli had knowledge of and acquiesced in the use of excessive force against plaintiff, defendant's 12(b)(6)motion to dismiss should be denied.

Moreover, plaintiff's claims are not barred as a result of his convictions for Resisting Arrest and Hindering as defendants argue. It is clear from the trial Court's decision, that plaintiff was convicted based on his conduct while inside of his vehicle of refusing to remove his hands from the steering wheel after being directed to do so by the defendant officers. The

trial Court specifically acquitted plaintiff of the Simple
Assault charges and did not even consider or mention any conduct
that occurred after plaintiff was removed from his vehicle by
the defendant officers.

It is undisputed that plaintiff's allegations of excessive
force are only confined to the time period after he was removed
from his car and already subdued on the ground by Detective
Rivera.  Specifically, plaintiff alleges that Detective Rivera
continued to hold him on the ground so that he was unable to
move, which enabled another defendant officer to assault him
while Detectives Armand and Marcelli stood back and watched.

Plaintiff's allegations of excessive force are not
connected to his conduct inside of his car and therefore, any
claim of excessive force outside of the car after he was already
subdued would not serve to invalidate or contradict his
underlying conviction for Resisting Arrest and Hindering while
he was inside of his vehicle.  See Nelson v. Jashurek, 109 F.3d
142, 146 (3d Cir. 1997)(a plaintiff's §1983 claim for excessive
force is only barred if a potential verdict in the civil case
would be inconsistent with plaintiff's conviction).

Moreover, defendants' motion to dismiss defendant's
excessive force claim pursuant to 12(b)(6) is premature at this
juncture. See Lora-Pena v. F.B.I, 529 F.3d 503, 506 (3d Cir.

11

2008) (because "[i]t is conceivable that a law enforcement officer, acting within the scope of his official duties, may use force that is excessive in effectuating a lawful arrest, plaintiff's convictions for resisting arrest and assaulting federal officers did not bar a §1983 excessive force civil suit claim at the Rule 12(b)(6) stage").

Based on the foregoing, plaintiff's excessive force claim under §1983, §1985, and NJCRA, against the defendant Newark police officers should not be dismissed. However, plaintiff concedes that any other claims by plaintiff-to include false arrest, stopping and detaining Plaintiff without probable cause, false imprisonment, violation of right to privacy, right to freedom of travel, and subjecting plaintiff to involuntary servitude-that serve to invalidate his underlying convictions for Resisting Arrest and Hindering should be dismissed. Plaintiff further contends that defendant's theories of dismissal of his excessive force claims based on Collateral Estoppel and Res Judicata are rendered moot by the plaintiff's argument advanced above.

**B. City of Newark improperly pled as Newark Police Department**

Defendant's contends that plaintiff's state claims should be dismissed because defendant failed to file a notice of tort claim with the Newark Police Department/City of Newark. Because

plaintiff properly alleged in paragraph 17 of his complaint that
he "has complied with all conditions precedent to the filing of
this lawsuit; all applicable notices have been provided to
Defendants," his state claims should not be dismissed pursuant
to a 12(b)(6) motion.  To the extent that plaintiff's complaint
can be read to include a malicious prosecuton claim, plaintiff
does not concede that this claim should be dismissed for failure
to allege notice compliance as to his Simple Assault charge
because that proceeding terminated in his favor.

Defendant also mistakenly argues that plaintiff failed to
alleged municipal liability with respect to his claims under
§§1983 and 1985.  On the contrary, plaintiff's complaint is
replete with allegations that the City of Newark, improperly
pled as the Newark Police Department, adopted a policy,
practice, or custom allowing its police officers to use
excessive force against private citizens.  Specifically,
paragraph 40 alleges that:

> the NJSP and NPD have been placed on notice that there is a
> pervasive and systematic pattern, custom and practice
> within their respective departments to use excessive force
> by rendering vicious beatings to members of the general
> public-. . ., including innocent bystanders and those
> accused of minor criminal infractions-and to make great
> efforts to use excessive force outside the view of third-
> party witnesses, and frequently while the person detained
> is subdued, restrained, or otherwise still in handcuffs.

(Exibit A, paragraph 40).

Plaintiff further alleges municipal liability under both
*respondeat superior* and custom/practice.  (Exhibit A, paragraph
72).  Plaintiff even appended to his complaint a July 22, 2014
report from the Department of Justice (DOJ) wherein the DOJ
concluded that the use of force by the Newark Police Department
was unreasonable in at least one third of the incidents reported
and reviewed.  (Exhibit A).  Because plaintiff's complaint
sufficiently alleges municipal liability, those claims as
against the City of Newark, improperly pled as the Newark Police
Department, should not be dismissed.

With respect to defendants' sovereign immunity argument,
defendants seem to argue that because the defendant Newark
police officers were acting as part of the TIDE-TAG initiative,
which is purportedly funded and run by the State of New Jersey
through the Office of the Attorney General (OAG) and the Essex
County Prosecutor's Office (ECPO), the City of Newark and the
Newark police officers are immune from suit in this federal
action.

In support of their argument, defendants attach a single
press release from the OAG announcing the TIDE-TAG initiative.
Other than defense counsel's bald assertions and unsupported
conclusions, there is no information or documentation presented
that would aid the Court's consideration of whether the Newark

14

defendants, all municipal entities and employees, qualify for State sovereign immunity.  The press release relied on is silent on the issue and argument urged by defendants.

As defendants point out on page 15 of their brief, the prevalent case law establishes a three prong test under <u>Fitchik</u> to determine whether a non-State entity can avail itself of State sovereign immunity protection.  <u>See</u> <u>Fitchik v. New Jersey Transit Rail Operations, Inc.</u>, 873 F.2d 655 (3d Cir. 1989)(three factors to be considered are whether the judgment sought would come from the State, the status of the entity, and entity's degree of autonomy). In all fairness to plaintiff, whether the Newark entities meet the enunciated three prong test cannot be properly evaluated based on the press release relied on by defendants.  Since additional discovery is warranted, defendants' argument for either Rule 12(b)(1) or (b)(6) dismissal on the basis of State sovereign immunity is premature and should not be considered by the Court at this juncture.

## CONCLUSION

Based on the foregoing, defendants' motion with respect the dismissal of plaintiff's complaint in its entirety should be denied and plaintiff's cross motion to amend his complaint to substitute the City of Newark for the Newark Police Department should be granted .


                              Respectfully submitted,


                              By: /s/Cynthia H. Hardaway
                                  Cynthia H. Hardaway(CHH3958)


Dated: August 15, 2016