**THOMAS R. ASHLEY, ESQ.**
50 Park Place, Suite 1400
Newark, New Jersey 07102
(973) 623-0501
Attorney for Plaintiff
Aaron Hockaday

| | |
|---|---|
| **AARON HOCKADAY,**<br>         Plaintiff,<br>v.<br><br>**NEW JERSEY ATTORNEY GENERAL'S OFFICE NEWARK POLICE DEPARTMENT; SHEILAH COLEY, IN HER OFFICIAL CAPACITY AS POLICE DIRECTOR OF NEWARK POICE DEPARTMENT; STATE OF NEW JERSEY, DIVISION OF STATE POLICE; JOSEPH FUENTES, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF NJSP; DET JOHN PALACH, NJSP BADGE #7058; DET RIVERA, NPD BADGE #unknown; DSG RUANE, NJSP BADGE #5781; TPR TORRES, #7072;DET ARMAND, NPD BADGE #unknown; DET MARCELLI, NPD BADGE #unknown;**<br>**John Does 1-5**<br>**Jane Does 1-5**<br>         Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.: 2:16-cv-00762-KM-MAH<br><br><br><br>JOINT DISCOVERY PLAN |

1. Set forth the name of each attorney, firm name, address and telephone number and facsimile number of each, designating the party represented.

<u>Plaintiff's Attorneys</u>

Thomas R. Ashley
Law Offices of Thomas R. Ashley
50 Park Place, Suite 1400
Newark, New Jersey 07102
Phone (973)623-0501, Fax (973) 623-0329

Cynthia H. Hardaway
3 William Street
Newark, New Jersey 07102
Phone (973)877-3733, Fax (973) 877-3734

Attorney for City of Newark, Detective Armand and Detective Rivera

Wilson D. Antoine, Esq.
Assistant Corporation Counsel
KENYATTA STEWART, ACTING CORPORATION COUNSEL
CITY OF NEWARK-DEPARTMENT OF LAW
920 BROAD STREET, ROOM 316
NEWARK, NEW JERSEY 07102
Direct Telephone: (973) 733-3114
Division Facsimile: (973) 733-5394
Email: antoinew@ci.newark.nj.us

State Police Defendants' Attorneys

Robert P. Preuss
Matthew J. Lynch
Deputy Attorneys General
Richard Hughes Justice Complex
25 Market Street. PO Box 112
Trenton NJ, 08625

2. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**A. Plaintiff**.

By way of complaint, plaintiff alleges that the Newark Police Department is liable for the actions of its officer Detective Luis Rivera in his use of excessive force against plaintiff in violation of 42 U.S.C. §1983. Plaintiff further

2

alleges he was thrown to the pavement and held down by one of the defendant officers, believed to be defendant Rivera.

As defendant Rivera held plaintiff on the ground, and while plaintiff was completely unable to move, defendant Palach began using excessive force by punching plaintiff in the head and face with a closed fist.  Plaintiff alleges that defendant Palach punched Plaintiff in the head and face an estimated ten-to-twenty times while the other defendant officers observed and did nothing to intervene and prevent the assault after defendant had already been subdued.  Plaintiff alleges that Detectives Armand and Marcelli were on the scene when the assault occurred.

After a bench trial in connection with the incident that forms the basis of plaintiffs complaint, defendant was found guilty of Resisting Arrest in violation of 2C:29-2(a) and Hindering in violation of 2C:29-3(b).  Plaintiff was acquitted of Simple Assault.  Plaintiff has suffered severe emotional damages and a broken nose.  Plaintiff will be required to undergo corrective surgery on his nose.

B. **Defendants**.

Defendants' by way of their respective Answers raises the following defenses:

1). Defendants City of Newark (the "City"), Luis Rivera, and Antonio Armand (collectively, the "Newark Defendants") deny

Plaintiff's version of events, and engaged in no wrongdoing or conspiracy. Furthermore, the City is entitled to sovereign immunity, the officers are entitled to good faith immunity, and the Plaintiff's allegations are barred by the doctrines of collateral estoppel, judicial estoppel, and res judicata.

2) The State Police Defendants Detective John Palach, Detective Sergeant Ruane, and Trooper Jesus Torres deny Plaintiff's version of events, and engaged in no wrongdoing or conspiracy. Moreover, these State Police Defendants are entitled to qualified immunity because their actions were reasonable and did not violate any clearly established law. In addition, Plaintiff's claims may be barred by the doctrines of collateral estoppel, judicial estoppel, and *res judicata*.

3. Have settlement discussions taken place? No.

4. With the exception of the Newark Defendants, the parties have not yet exchanged the information required by Fed. R. Civ. P.26(a)(1).

5. The parties have conferred pursuant to Fed. R. Civ. P.26(f).

6. The Newark Defendants may wish to file a motion for summary judgment before the close of all discovery on the grounds of eleventh amendment immunity, qualified immunity and/or collateral estoppel, judicial estoppel, and res judicata. The State Police Defendants will likely file a motion for summary

4

judgment at the close of discovery based on a lack of constitutional violation and asserting qualified immunity. Plaintiff has no such motions at this time.

7. The parties propose the following:

(a) Discovery is needed on the issues of liability, subject matter jurisdiction, estoppel, and damages.

(b) Discovery should not be conducted in phases.

(c) Proposed schedule:

1. Fed. R. Civ. P. Disclosures: April 4, 2017

2. E-Discovery conference pursuant to L.Civ.R.26.1(d):  None likely needed.

3. Service of initial written discovery: May 1, 2017.

4. Number of Interrogatories by each party to each other party: <u>25</u>.

5. Number of Party Depositions to be taken by each party: <u>No more than 10</u>.

6. Motions to Amend or to Add Parties to be filed by: July 15, 2017.

7. Factual discovery to be completed by: September 1, 2017.

8. Plaintiff's expert report due on: October 2, 2017.

9. Defendants' expert report due on: November 3, 2017.

10. Expert depositions to be completed by January 12, 2018.

11. Dispositive motions to be served between September 1, 2017,

5

and within 30 days of the completion of expert discovery.

(d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: None suggested at this time.

(e) A pretrial conference may take place on: <u>TBD</u>

(f) Trial date:     <u>TBD</u>     (Trial by jury).

7.  Do you anticipate any discovery problems?  None at this time.

8.  Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? None at this time.

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise), mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e. after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.). Defendants do not believe that this case is appropriate for any of the above.  Moreover, Defendants would object to any of the above and do not wish to incur the expenses associated with any of the above.

10.  Is this case appropriate for bifurcation? No.

11.  No agreement has been reached on the issue of whether the parties will consent to trial by a Magistrate Judge.

                              Attorney for Plaintiff

                           By: /s/Cynthia H. Hardaway
                                Cynthia H. Hardaway


                         KENYATTA STEWART
                         ACTING CORPORATION COUNSEL
                         Attorney for Newark Defendants

                         By: s/Wilson D. Antoine
                             Wilson D. Antoine, Esq.
                             Assistant Corporation Counsel




                         CHRISTOPHER S. PORRINO
                         ATTORNEY GENERAL OF NEW JERSEY
                         Attorney for State Police
                         Defendants

                       By: s/ Matthew J. Lynch
                             Matthew J. Lynch
                             Deputy Attorney General




DATED: March 24, 2017